Keith E. Schroeder Reno County District Attorney 210 West First Avenue Hutchinson, Kansas 67501-5298
Dear Mr. Schroeder:
As District Attorney in the 27th Judicial District of Kansas, you request our opinion regarding the legality of certain poker tournaments being held at a drinking establishment by the owner of that establishment. You provide the following information:
 "One businessman, who owns a popular drinking establishment, began advertising poker tournaments. A cash prize was to be awarded to the winner of the tournament. No entrance fee was required to participate in the poker tournament. However, all customers were required to pay a standard cover charge at the door. The cover charge has been in existence for quite some time, it applies whether or not a poker tournament is being held, it applies to all customers who enter the establishment regardless of whether they intended to participate in the poker tournament and the cover charge was not solely instituted to fund the prizes for the poker tournament."
You question whether a cover charge in these circumstances constitutes consideration for purposes of the gambling laws.
Article 15, Section 3 of the Kansas Constitution prohibits lotteries and the sale of lottery tickets. While constitutional amendments have been adopted in Kansas allowing for the conduct of charitable bingo,[1]
parimutuel wagering on horse and dog races[2] and a state-owned and operated lottery,[3] and Congress has enacted the Indian Gaming Regulatory Act[4] allowing Indian gaming in certain circumstances, other "lotteries" and gambling operations remain constitutionally unlawful.
The Kansas appellate courts have long defined "lottery" to include any scheme, gift, enterprise or similar contrivance wherein persons agree to give valuable consideration for the chance to win a prize or prizes.[5]
The three essential elements constituting a "lottery" are prize, chance and consideration. The courts have viewed consideration under this constitutional prohibition as requiring that something of value must flow from those who participate.[6] However, even if a good or service is acquired with the consideration given, in addition to a chance to win a prize, something of value has flowed sufficient to constitute "consideration."[7] In State ex rel. Beck v. Fox Kansas Theatre Co.,[8]
the Kansas Supreme Court held that a scheme involving registration at a movie theater for a chance to win an amount in a bank account was a lottery in violation of the Kansas Constitution, even though participants were not required to purchase a ticket to the movie or anything else. The Court held that the indirect benefit derived by the theater in the way of increased gross receipts from paid admissions was sufficient consideration to meet the requirements as to that element of a lottery.[9]
Based on these judicial interpretations of Article 15, Section 3 of the Kansas Constitution, it is our opinion that requiring participants in a poker tournament to pay a cover charge to enter the establishment where the tournament is being conducted is sufficient consideration to meet that element of an illegal lottery, regardless whether non-participants are required to pay the same cover charge, whether the charge is used solely to fund the prizes for the tournament, or whether it is an on-going charge even when no tournaments are being played.
We note that the cases cited to this point each involved an action in quo warranto or injunction rather than prosecution of a crime, and that the Court's construction of the terms "lottery" and "consideration" were predicated in part on this fact.[10] However, the scheme you describe would also appear to be prohibited under the criminal statutory definitions of these terms. K.S.A. 21-4303 defines gambling as "making a bet" or "entering or remaining in a gambling place with intent to make a bet, to participate in a lottery, or to play a gambling device."[11]
Gambling is a class B nonperson misdemeanor.[12] You do not indicate that any bets are being placed in the poker tournaments about which you inquire.[13] For our purposes, therefore, we look to the definition of the terms "gambling place" and "lottery" as used in the criminal statutes:
 "(b) 'Lottery' means an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance. . . ."
. . . .
 "(e) A 'gambling place' is any place, room, building, vehicle, tent or location which is used for any of the following: . . . conducting lotteries; . . ."[14]
"Consideration" is defined as:
 "Anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant.
 "Mere registration without the purchase of goods or services; personal attendance at places or events, without payment of an admission price or fee; listening to or watching radio and television programs; answering the telephone or making a telephone call and acts of like nature are not consideration. . . ."[15]
Payment of a cover charge is commercial or financial advantage to the promoter of the tournament (as well as the drinking establishment if the two are not the same) and a disadvantage to the participant.[16] As such, it would appear to meet the definition of consideration as used in the gambling statutes.
In conclusion, in our opinion, payment of a required cover charge to enter an establishment and thus be eligible to participate in a poker tournament held therein constitutes "consideration" as defined by K.S.A. 2004 Supp. 21-4302(b), regardless whether others are required to pay the charge as well.
Sincerely,
 PHILL KLINE Attorney General
 Julene L. Miller Deputy Attorney General
PK:JLM:jm
[1] Kan. Const., Art. 15, § 3a.
[2] Kan. Const., Art. 15, § 3b.
[3] Kan. Const., Art. 15, § 3c.
[4] 25 U.S.C. §§ 2701 et seq.
[5] See State ex rel. Stephan v. Finney, 254 Kan. 632, 644 (1994).
[6] State ex rel. Frizzell v. Highwood Service, Inc., 205 Kan. 821, 826
(1970) (viewing a television program does not constitute "consideration").
[7] State ex rel. Kellogg v. Kansas Mercantile Ass'n, 45 Kan. 351, 355
(1891).
[8] 144 Kan. 687 (1936).
[9] Id. at 700.
[10] See id.
[11] Emphasis added.
[12] K.S.A. 21-4303. See also K.S.A. 21-4304 (commercial gambling, severity level 8 nonperson felony) and 21-4305 (permitting premises to be used for commercial gambling, class B nonperson misdemeanor); State v.Schlein, 253 Kan. 205, 218 (1993) ("if one advertises and invites the public to participate in a poker tournament in his or her home, in a school, in a church, in a monastery, or in a nursing home; charges each contestant an entry fee; provides the contestants with the rules of the tournament; and provides prizes — each of those places would be converted into a gambling place and an individual who enters the premises where gambling is occurring, with the intent to participate in the poker tournament, has entered into a gambling place").
[13] Attorney General Opinion No. 84-75 deals with a class B club offering an entertainment program that was deemed to constitute betting.
[14] K.S.A. 2004 Supp. 21-4302.
[15] K.S.A. 2004 Supp. 21-4302(c) (emphasis added).
[16] See Attorney General Opinion No. 86-102.